# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-789V

Filed: March 10, 2023

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ARTHUR CORDISCO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Interim Attorneys' Fees and |
| | * | Costs. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Ronald Homer, Esq., Conway, Homer, P.C., Boston, MA*, for petitioner.
*Mitchell Jones, United States Department of Justice, Washington, DC*, for respondent.

### DECISION ON INTERIM ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On May 29, 2019, Arthur Cordisco ("Mr. Cordisco" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") after receiving a pneumococcal conjugate ("Prevnar") vaccination on June 3, 2016. *See* Petition, ECF No. 1. On January 11, 2023, petitioner's counsel, Mr. Homer, filed a Motion for Interim Attorneys' Fees and Costs pursuant to Section 15(e) of the Vaccine Act. ECF No. 68. After careful consideration, the undersigned has determined to **grant** the request for the reasons set forth below.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I. Procedural History

Petitioner filed his petition on May 29, 2019 and assigned to the undersigned the following day. *See* Petition, ECF No. 1, 4. He filed medical records and an affidavit on June 14, 2019. Petitioner's Exhibits ("Pet. Ex.") 1-5, ECF No. 7-9. On July 26, 2019, petitioner filed a statement of completion. ECF No. 14.

Additional medical records were filed on August 15, 2019 and on December 16, 2019. Pet. Ex. 6-7, ECF No. 16, 21. Respondent filed his Rule 4(c) Report on May 5, 2020, stating his position that this case was not appropriate for compensation. ECF No. 27.

Petitioner filed an expert report from Dr. Norman Latov on September 17, 2020, along with supporting medical literature. Pet. Ex. 8-31, ECF No. 29-31. On January 8, 2021 and February 8, 2021, respondent filed responsive expert reports and supporting medical literature. Respondent's Exhibits ("Resp. Ex.") A, Tabs 1-5, B, C, Tabs 1-32, D, ECF No. 34, 40-43.

Petitioner filed a supplemental expert report and medical literature on May 5, 2021. Pet. Ex. 32-42, ECF No. 48-49. Respondent filed responsive expert reports and medical literature on September 20, 2021. Pet. Ex. E, F, ECF No. 55. A status conference was held on April 21, 2022, after which petitioner was ordered to file a supplemental expert report. ECF No. 57.

On November 16, 2022, petitioner filed a supplemental report and supporting literature. Pet. Ex. 43-66, ECF No. 63-65.

Petitioner filed a Motion for Attorneys' Fees and Costs ("Motion for Fees") on January 11, 2023, requesting a total of **$75,495.93** which represents **$39,378.10** in fees and **$36,117.83** in costs. ECF No. 68. Respondent filed his Response, stating no objection to the Motion for Fees. ECF No. 70. Petitioner did not file a reply.

This matter is now ripe for decision.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request sua sponte, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

#### A. Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for nearly four years. In that time, petitioner has incurred significant costs, including costs for his expert and for traveling for attorney visits. Further, respondent has raised no objection to the motion. ECF No. 70. So as to not impose hardship on petitioner, interim fees are reasonable and justified here.

#### B. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Attorneys at Conway Homer, P.C. have long been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Lozano v. Sec'y of Health & Human Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). Petitioner requests fees in various rates of compensation for the attorneys who worked on his case, predominately Mr. Pepper but also but also Mr. Homer, Ms. Ciampolillo, Ms. Faga, Mr. Enos, Mr. Kelly, and Ms. Daniels, as well as paralegals at the firm. The rates requested are as follows:

| **Names** | **2018** | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|---|
| Lauren Faga | n/a | n/a | n/a | n/a | $385 | n/a |
| Ronald Homer | n/a | $430 | $447 | $447 | $475 | n/a |
| Christina Ciampolillo | n/a | $350 | n/a | $380 | n/a | n/a |
| Meredith Daniels | n/a | $320 | $350 | $350 | $410 | n/a |
| Patrick Kelly | n/a | n/a | n/a | n/a | $250 | n/a |
| Joseph Pepper | $305 | $325 | $355 | $355 | $415 | $415 |
| Nathaniel Enos | n/a | $155 | n/a | n/a | $280 | n/a |
| Paralegals | $142 | $145 | $155 | $155 | $170 | $170 |

*See* Motion for Fees at 4-21.

The requested rates have been awarded by other Special Masters in previous decisions. *See Agarwal v. Sec'y of Health & Human Servs.*, No. 16-191V, 2022 WL 3025777, at *3 (Fed. Cl. Spec. Mstr. July 1, 2022) (awarding the requested rates in full for 2019-2021); *Keener v. Sec'y of Health & Human Servs.*, No. 16-791V, 2021 WL 1851401, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2021) (awarding the requested rates for 2018-2020); *Pelletier v. Sec'y of Health & Human Servs.*, No. 16-1713V, 2022 WL 6627071, at *3 (Fed. Cl. Spec. Mstr. Sept. 12, 2022) (awarding the requested rates in full for 2018-2022); *see also* Attorneys' Forum Hourly Rate Fee Schedule: 2023[4] (awarding the requested 2023 rates).

Based on the foregoing, I find the hourly rates billed by petitioner to be reasonable.

## C.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are

---

[3] The 2015-2023 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.,* No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).
[4] *Id*.

"excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the hours billed by the Conway Homer, P.C. firm, I find that the entries are detailed, and the time spent on each matter reasonably corresponds with the work performed. Additionally, travel time was appropriately billed at half the hourly rate. Thus, the hours spent on this matter are reasonable.

**D.     Reasonable Costs**

Petitioner requested $34,500.00 in costs for his expert Dr. Latov, who billed 69 hours at a rate of $500.00 per hour. Motion for Fees at 22, 44-47. Dr. Latov's rate of $500 per hour has been found to be reasonable in several cases in the Program. *See Como v. Sec'y of Health & Human Servs.,* No. 18-99V, 2021 WL 3370255 (Fed. Cl. July 6, 2021); *Cooper v. Sec'y of Health & Human Servs.*, No. 18-1885V, 2021 WL 1603672 (Fed. Cl. Mar. 29, 2021); *E.A.C v. Sec'y of Health & Human Servs.*, No. 18-819V, 2021 WL 650518 (Fed. Cl. Jan. 25, 2021); *Sarver v. Sec'y of Health & Human Servs.*, No. 15-1207V, 2019 WL 3856864 (Fed. Cl. July 22, 2019); *Stepp v. Sec'y of Health & Human Servs.*, No. 14-851V, 2018 WL 793426 (Fed. Cl. Jan. 2, 2018); *Lozano v. Sec'y of Health & Human Servs.,* No. 15-369V, 2017 WL 6942528 (Fed. Cl. Dec. 7, 2017). Thus, I find the billing rate to be reasonable. Dr. Latov submitted an initial expert report and two supplemental reports in this matter. Considering he authored a total of three expert reports, I find his hours spent to be reasonable, as well. Thus, Dr. Latov is compensated in full.

Petitioner also requested $1,617.83 in other miscellaneous office costs, such as for flights, hotels, taxi fare, postage, copies, and requesting medical records. Motion for Fees at 21-22. These costs are supported by the receipts filed, and thus, I find them to be reasonable.

## IV. Total Award Summary

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED**. Accordingly, I award **$75,495.93,** representing **$39,378.10** in attorneys' fees and **$36,117.83** in attorneys' costs in the form of a check payable jointly to **petitioner Arthur Cordisco and petitioners' counsel, Ronald Homer of Conway, Homer, P.C. The clerk shall enter judgment accordingly.**[5]

       **IT IS SO ORDERED.**

                                            **s/Mindy Michaels Roth**
                                            Mindy Michaels Roth
                                            Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.